Tony W. Redman
FULL NAME

06360-088
PRISONER OR REGISTRATION NUMBER

P.O Box 33
STREET ADDRESS OR POSTAL BOX NUMBER

Terre Haute, IN 47808
CITY, STATE AND ZIP CODE



FILED
JUN 30 2008
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Tony W. Redman
PLAINTIFF

VS.

Charles E. Kilgore, Jr.

R. Hawkins

T. Kirkland

Mr. Miller
DEFENDANT(S)

NO. 5:08-0881
SUPPLIED BY CLERK

CIVIL RIGHTS COMPLAINT

A. PARTIES

1. i, Tony W. Redman AM A CITIZEN OF WEST VIRGINIA; AND PRESENTLY RESIDE AT THE UNITED STATES PENITENTIARY AT TERRE HAUTE, INDIANA; POB: 33 TERRE HAUTE, INDIANA. 47808



2. DEFENDANT _Charles E. Kilgore, Jr_ IS A CITIZEN OF WEST VIRGINIA WHOSE ADDRESS IS: _Beckley Federal correctional Institution P.O Box 350 Beaver, WV 25813_ ; AND WHO IS EMPLOYED AS _Disciplinary hearing officer_

3. DEFENDANT _R. Hawkins_ IS A CITIZEN OF WEST VIRGINIA WHOSE ADDRESS IS: _Beckley Federal correctional Institution, P.O Box 350 Beaver, WV 25813_ ; AND WHO IS EMPLOYED AS _Correctional officer_

4. DEFENDANT _T. Kirkland_ IS A CITIZEN OF WEST VIRGINIA WHOSE ADDRESS IS: _Beckley Federal correctional Institution, P.O Box 350 Beaver, WV 25813_ ; AND WHO IS EMPLOYED AS _Correctional officer_

5. DEFENDANT _Mr. Miller_ IS A CITIZEN OF WEST VIRGINIA WHOSE ADDRESS IS: _Beckley Federal correctional Institution, P.O Box 350 Beaver, WV 25813_ ; AND WHO IS EMPLOYED AS _Correctional officer_

### B. JURISDICTION

1. THIS CAUSE OF ACTION IS BROUGHT PURSUANT TO (CHECK ONE)

   _____ 42 U.S.C. 1983 (APPLIES TO STATE PRISONERS)

   ✓ BIVENS V. SIX UN KNOWN NAMED AGENTS OF FED BUREAU OF NARCOTICS, 403 U.S. 388 (1971) (APPLIES TO FEDERAL PRISONERS)

2. _____ JURISDICTION ALSO IS INVOKED PURSUANT TO 28 U.S.C. 1343(A)(3)

### C. NATURE OF THE CASE

1) THAT ON 5/30/07, AND SERVING 120 MONTH SENTENCE AT FEDERAL CORRECTION INSTITUTION AT BECKLEY, WEST VIRGINIA; PLAINTIFF WAS ESCORTED TO THE SPECIAL HOUSEING UNIT

2) ON SAME DAY A ONE LT. DAY INTERVIEWED PLAINTIFF IN SPECIAL HOUSEING UNITY

3) PLAINTIFF WAS ISSUED AN INCIDENT REPORT FOR BRIBBING A STAFF MEMBER.

## FACTS CONT'D

4) THAT ON 6/5/07 A DISCIPLINARY HEARING ENSUED WHERE AFTER HIS GUILTY PLEA, SANCTIONS OF: A) 15 DAYS DISCIPLINARY ISOLATION (SUSPENDED) B) 27 DAYS LOSS OF GOOD TIME   C) 6 MONTHS NO COMMISSARY   WERE ISSUED.

5) THAT ON 6/9/07 PLAINTIFF WAS STILL IN SPECIAL HOUSING UNIT EVEN AFTER HIS 15 DAYS DISCIPLINARY ISOLATION TIME HAD BEEN SUSPENDED.

6) THAT ON 6/9/07 PLAINTIFF COMPLAINED TO SPECIAL HOUSING UNIT STAFF OVER HIS ▓▓▓▓BEING HOUSED THERE AT; AND WAS TOLD "YOU HAVE A HOLD ON YOU FROM SPECIAL INVESTIGATIVE SERVICES (S.I.S.) AND TO GET OUT, YOU NEED GO THRU THEM".

7) THAT ON 7/19/07 PLAINTIFF WAS INTERVIEWED BY A ONE CORR. OFFICER T. KIRKLAND OF THE S.I.S. (SPECIAL INVESTIGATIVE SERVICES); WHO TOLD THE PLAINTIFF THAT HE WAS UNDER INVESTIGATION FOR BRINGING UNAUTHORIZED CON-TRABAND (SMOKING TOBACOO) INTO THE CORRECTIONAL FACILITY.

8) THAT ON 7/26/07 CORR. OFFICER R. HAWKINS CAME TO INTERVIEW THE PLAINTIFF STATING THAT, "YOUR GOING TO GET AN INCIDENT IREPORT FROM ME FOR ABUSING PHONE PRIVILDGES". "OFFICER KIRKLAND OF S.I.S. CALLED ME AND SAID THE INVESTIGATION WAS OVER, AND TO ISSUE THIS INCIDENT FOR PHONE ABUSE".

9) DEFENDANT HAWKINS IS ASSIGNED TO SENIOR OFFICER SPECIALIST; AND DEFENDANT KIRKLAND IS ASSIGNED TO SPECIAL INVESTIGATIVE SERVICES.

10) THAT ON 7/27/07, PLAINTIFF DID RECEIVE INCIDENT REPORT FROM DEFENDANT OFFICER R. HAWKINS CHARGING PLAINTIFF WITH PHONE ABUSE (RULE 297)

11) THAT IN EARLY AUG-07 THE PLAINTIFF APPEARED BEFORE THE DISCIPLINARY HEARING OFFICER (DEFENDANT KILGORE), WHO EXPUNGED SAID PHONE ABUSE INCIDENT REPORT FINDING SAME BOTH MERITLESS AND WITHOUT SUBSTANCE

12) THAT ON 8/9/07 PLAINTIFF WAS STILL HOUSED IN SPECIAL HOUSING UNIT WHEN VISITED BY LT. CLARK WHO CAME TO SERVE PLAINTIFF ANOTHER INCIDENT REPORT; THIS TIME IT WAS WRITTIN BY DEFENDANT KIRKLAND AND CHARGING THE PLAINTIFF WITH:

   A) RULE 331A BRINGING UNAUTHORIZED CONTRABAND INTO CORR. FACILITY
   B) RULE 297 ABUSE OF PHONE

13) DEFENDANT KIRKLAND CHARGED THAT PLAINTIFF COMMITTED ABUSE OF PHONE PRIVILEDGE ON 5/1/07 (SAME CHARGE EXPUNGED BY D.H.O. ON OR ABOUT AUG-07); AND ALSO THAT ON 4/14/07 PLAINTIFF BROUGHT IN UNAUTHORIZED CONTRABAND (NON-HAZARDOUS) SMOKING TOBACOO INTO THE PRISON. A CHARGE WHICH DID NOT STATE THE OFFENCE IN THAT SMOKING TOBACOO IS HAZARDOUS.

14) THAT WHILE PLAINTIFF STATES THE CHARGES TO BE UNTRUE, HE WAS ALL THE SAME FOUND GUILTY BY DEFENDANT KILGORE WHO:
   A) EARLIER EXPUNGED THE PHONE ABUSE INCIDENT REPORT.
   B) DECLINED TO DISMISS THE NEWER CHARGE BRINGING CONTRABAND INTO A PRISON SINCE THE CONTRABAND ALLEDGED WOULD OF BEEN "HAZARDOUS" (SMOKEING TOBACOO) AND NOT NON-HAZARDOUS AS WAS LANGUAGE OF THE RULE 331A

15) THAT DISCIPLINARY HEARING WAS BOTH A JOKE AND SERIOUS VIOLATION OF DISCIPLINARY PROCEDURE IN THAT YOU SIMPLY DO NOT TAKE TWO UNRELATED INCIDENT(S) SEPERATED APART BY WEEKS IN TIME, AND THEN JUST TAXI THEM ALL INTO ONE SINGLE INCIDENT REPORT; COUPLED WITH HAVING ALREADY EXPUNGED THE EARLIER PHONE ABUSE CHARGE RULE 297. THE DATES ENTERED IN DEFENDANT KIRKLANDS INCIDENT REPORT ALONE (4/14/07 & 5/01/07 & 8-9-07) DESTROY THE WHO FACTS AND CLAIMS OF THE REPORT.

16) UPON HIS ENTERING OF GUILT TOWARD THE PLAINTIFF, THE DEFENDANT KILGORE ENTERED THE FOLLOWING SANCTIONS:   RULE 331A
   A) 13 DAYS LOSS OF GOOD TIME  B) 20 DAYS LOSS OF GOOD TIME
   C) ONE YEAR LOSS OF VISITS   D) ONE YEAR LOSS OF PHONE PRIVILEDGEES
                              RULE 297
   A) 27 DAYS LOSS OF GOOD TIME  B) ONE YEAR LOSS OF PHONE

17) IN NONE OF HIS SANCTIONS DID DEFENDANT KILGORE SEEK A DISCIPLINARY TRANSFER BUT UPON BEING LOCK DOWN IN SPECIAL HOUSING UNIT FROM 5/30/07 THRU SEPT-07, PLAINTIFF WOULD LATER BE SENT TO UNITED STATES PENITENTARY AT TERRE HAUTE, INDIANA.

### ANALYSIS

PLAINTIFF HAD (AT OFFICER MILLERS REQUEST) DID DRAFT AND DESIGN A HANDKERCHIEF DISPLAYING CARTOON CHARACTERS; AND THAT SAID ITEM WOULD BE GIVIN TO THE SICK 7 YR. OLD DAUGHTER OF DEFENDANT MILLER; WHO'S DAUGHTER MC KENZI (NOT SURE OF SPELLING) WAS IN AND OUT OF THE HOSPITAL FOR CHEMOTHERAPY TREATMENTS TO COMBAT CANCER; AND THAT IT WAS THE HOPE OF OFFICER MILLER, THE DEFENDANT, AND HOPE OF PLAINTIFF THAT SAME WOULD BRING JOY TO HER HEART SINCE THE CARTOON CHARACTERS DESIGNED ON HANDKERCHIF WERE DAUGHTERS FAVORITE CHARACTERS.

WHILE IT IS UNCERTIAN AS TO WHY DEFENDANT MILLER SOUGHT TO PUNISH PLAINTIFF BY AIDING IN HISA CHARITABLE REQUEST, PLAINTIFF DID RECEIVE AN INCIDENT REPORT FOR ATTEMPTING TO BRIB DEFENDANT MILLER; FATHER OF 7 YR. OLD GIRL NAMED MC KENZI.(SPELLING ENCERTIAN)


(4)

THAT THE INCIDENT REPORT BY DEFENDANT MILLER WAS THE START OF REPEATIVE ATTACKS BY ALL DEFENDANTS NAMED HERE IN, WHICH WOULD LEAD TO HIS TRANSFER TO A U.S. PENITENTIARY 7 HOURS ROAD TRAVEL FROM HOME (W.VA.) ; WHILE IT WAS NEVER A SOUGHT SANCTION THAT A TRANSFER OCCURE; INFACT, THE DISCIPLINARY HEARING OFFICER NEVER EVEN SOUGHT ISOLATION TIME, YET PLAINTIFF SAT IN SPECIAL HOUSEING UNIT 5/30/07 THRU SEPT/07.

ALL DEFENDANTS DID COME TOGETHER IN A CONSPIRACY PURSUANT TO 42 U.S.C. 1986 IN SOUGHT TO VIOLATED THE 8TH AN 14TH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION, BY ACTING WITH DELIBERATE INDIFFERENCE AND MALICIOUS AND SADISTIC CRUELITY TOWARD THE PLAINTIFF EXCEEDING MONTHS IN TIME; TO INCLUDE, BUT NOT LIMITED TO:

A) LOSS OF VISITS    B) LOSS OF PHONE ACCESS    C) LOSS OF GOOD TIME
D) WAREHOUSING PLAINTIFF IN SPECIAL HOUSEING UNIT MONTHS IN TIME WITHOUT CAUSE.

## STATEMENT OF CLAIM(S)

18) THE ACTIONS OF DEFENDANT MILLER IN ASKING PLAINTIFF TO DRAFT AND DESIGN HANDKERCHIF FOR HIS 7 YR. OLD DAUGHTER, ONLY THAT DEFENDANT MILLER COULD USE SAME AS A TOOL FOR WHICH TO IMPUT DISCPLINARY ACTION UPON PLAINTIFF, WAS MALICIOUSLY AND SADISTICALLY, CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

19) THE ACTIONS OF DEFENDANT MILLER TO ENCOURAGE PLAINTIFF TO COMMIT A VIOLATION OF PRISON REGULATIONS (216A BRIB STAFF) AMOUNTED TO VIOLATION OF HIS 14TH AMENDMENT RIGHT UNDER THE U.S. CONSTITUTION, UNDER THE DUE PROCESS CLAUSE WHERE DEFENDANT MILLER WAS REQUIRED TO ENFORCE PRISON RULS, INSTEAD OF HAVING PLAINTIFF VIOLATE THEM AT WILL OF DEFENDANT MILLER, BY USE OF HIS ILL DAUGHTER. "WICKEDNESS"

20) THE ACTIONS OF DEFENDANT HAWKINS IN ISSUEING A DEFFECTIVE FALSE INCIDENT REPORT (THAT WAS EARLIER EXPUNGED BY DISCIPLINARY HEARING OFFICER) WAS MALICIOUSLY AND SADISTICALLY, CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION.

21) THE ACTIONS OF DEFENDANT HAWKINS TO ISSUE A DEFFECTIVE INCIDENT REPORT KNOWINGLY AND INTENTIONALLY VIOLATED THE 14TH AMENDMENT RIGHT OF PLAINTIFF UNDER THE U.S. CONSTITUTION; WHILE DEFENDANT WOULD TRY TO ABUSE THE OFFICE OF DISCIPLINARY HEARING AND PROCEDURES, BY SEEKING ITS JUDGEMENT AND PUNISHMENT AGAINST PLAINTIFF VIA DEFFECTIVE AND UNFOUNDED INCIDENT REPORT, WHICH WOULD LATER BE TOSSED OUT BY DEISCIPLINARY HEARING OFFICER.

22) THE ACTIONS OF DEFENDANT KIRKLAND IN RE-ISSUEING THE SAME INCIDENT REPORT WHICH HAD ALREADY BEEN ATTEMPTED BY DEFENDANT HAWKINS BUT WAS EXPUNGED BY DISCIPLINARY HEARING OFFICER, DID CONSTITUTE DELIBERATE INDIFFERENCE AND FURTHER DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION, WHEN DEFENDANT WOULD SUBMIT EXACT INCIDENT REPORT KNOWING SAME TO HAD PRIORLY BEEN EXPUNGED BY D.H.O. (PHONE ABUSE 297)

23) THE ACTIONS OF DEFENDANT KIRKLAND TO FURTHERNESS CONDUCT OF DELIBERATE INDIFFERENCE IS FOUND WHERE IN DEFENDANT WOULD ALLEDGE THAT:   A) PLAINTIFF ON 4/17/07 WAS FOUND TO HAVE INTRODUCED NON-HAZARDOUS CONTRABAND INTO THE PRISON(RULE 331A) HOWEVER, IT HAS BEEN A LONG TIME KNOWN THAT SMOKEING TOBACOO IS HAZARDOUS THEREFORE THE OFFENSE DOES NOT SUPPORT THE CHARGE. RULE 331A WAS TAKEN TOTALLY OUT OF ITS CONTENT TO BE USED IN THIS WAY PERIOD.

B) PLAINTIFF ON 5/01/08 WAS FOUND IN ABUSE OF THE PHONE PROCEDURE RULE 297 (CHARGE PRIORLY EXPUNGED)

C) COMBINDING TWO UNRELATED INCIDENT(S) SEPERATE OF EACH OTHER EXCEEDING WEEKS IN TIME, AND THEN TAXI THEM ALL INTO ONE SINGLE INCIDENT REPORT, IS A VIOLATION OF DISCIPLINARY PROCEDURES THUS PROMOTING A 14TH AMENDMENT VIOLATION OF THE U.S. CONSTITUTION WHEXX WHEN DEFENDANT WENT OUTSIDE OWN PROCEDURE TO "GET" PLAINTIFF IN CRIPPLEING HIS DUE PROCESS CLAUSE.

24) THE ACTIONS OF DEFENDANT KILGORE TO JION IN HAND WITH DEFENDANT KIRKLAND AND HAWKINS IN FORM OF CONSPIRACY PURSUANT TO 42 U.S.C. 1986 DID ESTABLISH DELIBERATE INDIFFERENCE IN THAT AS DISCIPLINARY HEARING OFFICER MR. KILGORE KNEW, OR SHOULD OF KNOWN OF HIS PRIORLY EXPUNGING THE ONE ABUSE OF PHONE INCIDENT REPORT; AND THAT AS A MATTER OF DUE PROCESS UNDER THE 14TH AMENDMENT OF U.S. CONSTITUTION, SAME SHOULD NOT HAD BEEN RULED APON A 2ND TIME, AS EVEN THE PLAINTIFF CRIED OUT AT DISCIPLINARY HEARING

25) THE ACTIONS OF DEFENDANT KILGORE TO EVEN ACCEPT SINGLE INCIDENT REPORT ADDRESSING TWO ALLEDGED INCIDENT(S) (UNRELATED BY 20 DAYS) ALL INTO ONE INCIDENT REPORT BEING EARLIER EXPUNGED, IS DELIBERATE INDIFFERENCE TOWARD THE 14TH AMENDMENT RIGHT OF PLAINTIFF UNDER U.S. CONSTITUTION IN THAT DEFENDANT EITHER KNEW OR SHOULD OF KNOWN, AS D.H.O., THAT DEFENDANT HAWKINS AND DEFENDANT KIRKLAND WERE ABUSING DISCIPLINARY PROCEDURES IN REPEATED SUBMITTING OF INCIDENT REPORT(S) BOTH FLIVOLOUS AND MERITLESS, AND HAVING NO SUBSTANCE. IN WHICH DEFENDANT KILGORE FIRST REJECTED, THEN LATER

ACCEPTED AS MEANS TO INFLICT CRUEL AND UNUSUAL PUNISHMENT UPON THE PLAINTIFF, PROHIBITED UNDER THE 8TH AMENDEMENT OF U.S. CONSTITUTION.

26) THAT WHILE "ORDINARILY LOSS OF PRIVILEDGES IS USED AS A SANCTION IN RESPONSE TO AN ABUSE OF THAT PRIVILEDGE"(BUREAU OF PRISON PROGRAM STATEMENT 5270.07) DEFENDANT SOUGHT DELIBERATE INDIFFERENCE TOWARD PLAINTIFF IN GOING OUT OF HIS WAY TO IMPOSE LOSS OF VISITS WHEN INFACT PLAINTIFF HAD NO VISITS SINCE AT THE PRISON THUS COULD NOT VIOLATE VISIT RULES.

27) THAT WHILE IT WAS IN THE POWER OF DEFENDANT TO REQUEST A DISCIPLINARY TRANSFER PURSUANT TO PROGRAM STATEMENT 5270.07, THE RECORD DOESN'T SHOW SAME TO HAVE BEEN SOUGHT, YET PLAINTIFF IS SENT FAR FROM HOME TO A MAXIMUM SECURITY PRISON AT TERRE HAUTE INDIANA, WHERE PRIOR TO SAID TRANSFER THE PLAINTIFF WAS HOUSED 20 MINITES FROM HOME.

28) THAT THE ACTIONS OF ALL DEFENDANTS NAMED HERE IN WAS TO CONSPIRE AGAINST PLAINTIFF AS MEANS TO INFLICT HIM WITH GREAT SUFFERINGS BOTH MENTALLY AND MEDICALLY.

## RELIEF REQUEST

WHEREFORE, PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF:

1) ISSUE A DECLARATORY JUDGEMENT STATING THAT:

A) THE ACTIONS OF THE DEFENDANTS, MILLER, HAWKINS, KIRKLAND, AND KILGORE DID VIOLATE THE PLAINTIFF'S RIGHTS UNDER THE 8TH AND 14TH AMENDMENT(S) OF THE UNITED STATES CONSTITUTION; AND CONSTITUTED A CONSPIRACY BREEDING ACTS OF CRUEL AND UNUSUAL PUNISHMENT, EXCEEDING MONTHS IN TIME.

B) DEFENDANT MILLER VIOLATED PLAINTIFF'S 8TH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION IN ASKING PLAINTIFF TO DRAFT HANDERCHIEF FOR HIS DAUGHTER SOLEY TO SET PLAINTIFF UP FOR DISCIPLINARY ACTION.

C) DEFENDANT HAWKINS, KIRKLAND, AND KILGORE VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE 8TH AND 14TH AMENDMENT(S) OF THE UNITED STATES CONSTITUTION WHILE ACTING BOTH INDIVIDUALLY,AND TOGETHER IN FORM OF CONSPIRACY, WHILE ROBBING PLAINTIFF OF:1)BEING HOUSED IN A PRISON 500 MILES OR LESS NEAR HOME; 2) VISITS FROM FAMILY AND FRIENDS EXCEEDING YEARS IN TIME; 3) PHONE ACCESS EXCEEDING YEARS IN TIME.

2) ISSUE AN INJUNCTION ORDERING DEFENDANT(S) OR THIER AGENTS TO:
A) IMMEDIATELY ARRANGE FOR THE PLAINTIFF"S PHONE PRIVILEGES TO BE RESTORED.
B) IMMEDIATELY ARRANGE FOR PLAINTIFF*S VISITATION TO BE RESTORED.
C) IMMEDIAT ELY ARRANGE FOR PLAINTIFF'S LOSS OF GOOD TIME TO BE RESTORED, TO IN CLUDE _120_ DAYS.

(7)

D) ORDER THE DEFENDANT(S) OR THIER AGENTS TO EXPUNGE THE DISICIPLINARY CONVICTION(S) AND ALL RELATING TO THE INCIDENT; TO INCLUDE INCIDENT REPORTS DATED 4-14-07 AND 8-1-07 AND 8-9-07 AND 5-1-07.

3) AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT: "NONE"
4) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT: "NONE"
5) AWARD PLAINTIFF 5,000.00$ IN ATTORNEY FEE'S
6) GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THE PLAINTIFF IS ENTITLED.

RESPECTFULLY SUBMITTED,

*Tony W. Redman*
Tony W. Redman
06360-088
USP PO Box 33 Terre Haute
IN, 47808

## DECLARATION UNDER PENALTY OF PERJURY

THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY THAT HE IS THE PLAINTIFF IN THE ABOVE ACTION, THAT HE HAS READ THE ABOVE COMPLAINT AND THAT THE INFORMATION CONTAINED IN THE COMPLAINT IS TRUE AND CORRECT.

EXECUTED AT U.S. PENITENTIARY At TERRE HAUTE, IND; ON 6-24-08.

S/ *Tony Redman*
PRISONER/PLAINTIFF

(8)

_____

_____

_____

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ___Yes _X_ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

   Plaintiff(s): *None*

   Defendant(s): *None*

b. Name and location of court and docket number _____

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?) *None*

d. Issues raised: *None*

e. Approximate date of filing lawsuit: *N/A*

f. Approximate date of disposition: *N/A*

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. _X_ Yes ___No.

If your answer is "Yes," briefly describe how relief was sought and the result.

*See Exhibit - A and B Attached.*

_____

(9)

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number: 467875-R5**

---

This is in response to your Regional Administrative Remedy Appeal received on November 19, 2007, regarding the August 28, 2007, decision of the Discipline Hearing Officer (DHO). You were found to have committed the prohibited acts of Use of the Telephone for Abuses Other Than Criminal Activity, Code #297; and Possession, Manufacture, or Introduction of a Non-Hazardous Tool or Other Non-Hazardous Contraband, Code #331(A). In your appeal, you claim the Incident Report was previously expunged, the staff member who investigated the incident also wrote the Incident Report, and the sanctions were inappropriate and severe. You also claim the violation Code #297 should have been the only charge against you, and the Code 331(A) was added as retaliatory action by the reporting officer. You also allege the other inmate involved did not receive the same sanction. For relief, you request the Incident Report be expunged.

We have reviewed your appeal. You were found to have participated in the introduction of tobacco into a Bureau of Prisons facility. It is procedurally accurate for the person who investigated the alleged incident to also write the Incident Report in question. However, the same person cannot conduct the investigation after the Incident Report has been written. You were aware the substance was tobacco and concealed within squeeze bottle container, which is a prohibited item. You assisted in collecting and selling containers that were being introduced into the facility via being thrown over the secure fence by a non-incarcerated individual.

Although you allege the violation codes you were found guilty of were previously expunged and retaliatory, the documented evidence supports your commission of the prohibited acts of Incident Report #1630325. In addition, you do not provide any evidence to support your claim that the staff member acted in a retaliatory manner. The DHO considered all evidence presented at the hearing and the information contained within the Incident Report. We find you have been appropriately charged and sanctioned. The sanctions imposed by the DHO are on a case-by-case basis, and within the guidance of policy and commensurate with his finding. You were provided due process in accordance with Program Statement 5270.07, Inmate Discipline and Special Housing Units.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

12/10/07
Date

Michael K. Nalley, Regional Director

Exibit - A

**Administrative Remedy Number 467875-A2**
**Part B - Response**

You appeal the August 28, 2007, decision of the Discipline Hearing Officer (DHO), in which you were found to have committed the prohibited acts of Use of the Telephone for Abuses Other Than Criminal Activity (code 297) and Possession, Manufacture, or Introduction of a Non-Hazardous Tool or Other Non-Hazardous Contraband - Aiding, Attempting or Making Plans to (code 331A). You request expungement of the incident report.

Our review of this matter reveals the Regional Director has adequately addressed your concerns. Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.

You contend the incident report was retaliatory and one of the charges had been previously expunged. There is no evidence of retaliation by staff. An incident report may be written again if warranted, even if a previous incident report is expunged. The incident report was written again and contained charges which are adequately expressed in the description of the incident. The staff member who conducted the inquiry into the event was the reporting officer. A different staff member conducted the investigation into the incident report. The DHO may impose the sanctions believed necessary to both punish and deter. The DHO may restrict a privilege, even if the incident did not involve violation of such privilege.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed. Each of your Due Process rights were upheld during the discipline process. The greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Your appeal is denied.

April 18, 2008
Date

Harrell Watts, Administrator
National Inmate Appeals

Exibit - B



Tony
06360-088
United States Penitentiary
P.O. Box 33 Terre Haute, In 47808

Clerk of the Southern
of West Virginia, Robert C. Byrd
United States Courthouse 300
Virginia Street, East, Suite 2400
Charleston, WV 25301

INMATE IDENTIFICATION CONFIRMED

UNITED STATES POSTAL SERVICE
SURFACE TRANSPORTATION ONLY

U.S. MARSHALS SERVICE
X-RAYED